**Carl R. Retter, Attorney at Law**
State Bar #10425
4800 N. 68th Street
Scottsdale, AZ 85251-1138
(480) 991-7926
(480) 946-0177
carlretter@yahoo.com

**Cheri L. McCracken, Esq.**
State Bar #006111
2402 N. 24th Street
Phoenix AZ 85008-1804
(602) 231-0595
(602) 231-0841 fax
cmc2000e@qwest.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheila C. Campbell-Thomson,<br><br>　　　　Plaintiff,<br>vs.<br><br>Cox Com, Inc., a Delaware Corporation, d.b.a. "Cox Communications",<br><br>　　　　Defendant | No.: CV 08-1656-GMS<br><br>**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS'S MOTION FOR SUMMARY JUDGMENT** |

　　This reply memorandum in support of plaintiff's motion for summary judgment, based on Plaintiff's Statement of Facts (PSOF), will be mercifully brief. The defendant's pleadings in this case have already consumed far too many pages containing largely irrelevant facts and arguments to the extent that the fundamental issues and principles in this case have been obscured.

　　There is no dispute in this case that plaintiff was engaged in protected activity when she raised the issue of unpaid overtime pay at the April 5, 2006 team meeting, and subsequently with Cox officials and with the Department of Labor (PSOF 8-12, 14-15). There is also no dispute about defendant's supervisor calling plaintiff "a f__king bitch" in

1

direct response to her raising the overtime pay issue at the April 5th meeting (PSOF 13). There is also no dispute about plaintiff leaving the meeting to throw up in the restroom in reaction to her supervisor's conduct, which was in response to her objecting to unpaid overtime. (PSOF 13)There is also no dispute about her supervisor threatening to fire her for leaving the meeting. (PSOF 13)There is also no dispute about the fact that approximately one week after the April 5, 2006 meeting plaintiff was reassigned to a new geographical work area that was less desirable than the one she had been assigned to previously. (PSOF 17)

It is also undisputed that when plaintiff tried to transfer back to her previous job assignment in Field Operations, she was refused permission to do so. (PSOF 24) This, despite the fact that up to the time of the overtime complaint, plaintiff was considered an outstanding employee who had served her company with distinction and high honors for over 10 years.(PSOF 16) There is also no dispute that three other employees were also fired after raising questions about unpaid overtime for employees who were eligible to receive it. (PSOF 37).

Despite these undisputed facts, defendant contends that plaintiff's raising the issue of unpaid overtime had absolutely nothing to do with her termination and despite the fact that the claimed basis for termination was both disputed and refuted by plaintiff. (PSOF 30-35). Recognizing that defendant's state of mind (or anyone's) can not be the subject of objective proof, nevertheless, when one considers the undisputed objective evidence in this case, the defendant's decision to terminate plaintiff clearly appears to be a pretext and an act of retaliation in violation of the F.L.S.A. (29 U.S.C. Sec. 201 et seq.)  On this basis, together with all of the other reasons set forth in plaintiff's motion for summary judgment and its supporting statement of facts, plaintiff requests that the Court enter

. . .

. . .

. . .

summary judgment in her favor on the issue of liability and deny defendant's motion for summary judgment.

   RESPECTFULLY SUBMITTED THIS 12TH day of February, 2010.

         CHERI L. McCRACKEN, ESQ.

         /s/ Cheri L. McCracken

         Cheri L. McCracken
         2402 North 24th Street
         Phoenix, AZ 85008
         Attorney for Complainant

Original of the foregoing e-filed
this 12th day of February, 2010 with:

Clerk of the US District Court
400 W. Washington
Phoenix, AZ 85003-0001

/s/ Fran Townsend

3